MUNICIPALITY OF CAGUAS, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 783.   Submitted November 4, 1929.—Decided November 26, 1929.

*Antonio L. López,* for appellant.   The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On presentation in the registry of a certain certificate issued by the director of the department of public works of the Municipality of Caguas for the purpose of recording the possession of two parcels of land, the registrar refused the record in the following ruling:

"The record of the parcels referred to in the present document

is refused, because it appears that the said parcels are segregations from another property in regard to which it can not be determined, since said property is not described in the document, whether or not it is recorded in favor of someone in order to be able to make a proper entry as to the parcels to be recorded; and because it appearing that the Municipality of Caguas has acquired the property by purchase from the spouses Blas Delgado and Julia Alonso, such sale should have been accomplished by means of a public instrument, executed before a notary public in accordance with the law. . . . . ''

The municipality did not acquiesce in that ruling and appealed to this court. In our opinion appellant is right.

As appears from the record of the appeal, the certificate was issued pursuant to articles 34, 35 and 36 of the Regulations for the Execution of the Mortgage Law.

Article 31 of the Regulations provides that real property or property rights held or administered by the State or by civil corporations shall be recorded in the registry of property. Article 33 prescribes the procedure to be followed when there is a written title, and article 34 when there is none. Article 35, applicable in either case, provides that the immediate origin and the actual state of the possession of the property recorded shall always be set forth in the record.

It seems advisable to transcribe article 36 in full. It reads as follows:

''Art. 36. In order to secure a record of possession, the head of the office having charge of the administration or custody of the estates to be recorded, provided that by virtue of his office he exercises public authority or has the power to certify, shall issue a certificate in duplicate, in which, with reference to the inventories or official documents in his possession, he shall state:

''First. The nature, situation, superficial area, boundaries, denomination, and real charges on the estates or rights which it is sought to record.

''Second. The legal character, value, conditions and encumbrances on the property right involved, and the character, location, boundaries and name of the estate subject to such property rights.

''Third. The name of the person or corporation from which the real property or property right may have been acquired, if it appears.

"Fourth. The time the State, province, town or establishment has had possession, if it can be fixed exactly or approximately.

"Fifth. The public service or object to which the estate may be destined.

"If any one of these details can not be stated, the certificate shall set forth this fact and indicate the same.

"These certificates shall be drawn on official paper, and the original draft thereof, duly rubricated, shall be made a part of the record of the case."

If we examine the certificate herein, issued by the municipal officer in charge of the parcels whose possession it is sought to record, we will find that it sets forth all of the requirements prescribed in articles 35 and 36.

It is first set forth that the Municipality of Caguas is the owner of two parcels of land situate in the rural ward of Turabo, in the Municipality of Gurabo, having respectively 1.18 and 0.82 acres; and the equivalents of these areas in the metric system are given, together with the boundaries in each case with reference to the cardinal points.

It is then stated that both these properties were acquired by the Municipality of Caguas by purchase from the spouses Blas Delgado and Julia Alonso on July 9, 1929, and that the municipality has had possession thereof ever since; that the first of the two parcels is worth $590 and the other $410; that the former has been set aside for the purpose of locating therein the proposed filter plant for the municipal water-works of Caguas, and the latter for the location of water reservoirs; but that there is no recordable written title in regard to either parcel.

It is lastly set forth that all the matters certified to appear from the official records on file in the office of the certifying officer and that the certificate, which has been issued and is signed in duplicate and approved by the mayor, has for its purpose the recording in the Registry of Property of Caguas of the possession of the two parcels in the name of the municipality.

If the certificate had included a description of the property from which the parcels had been segregated, it doubtless would have been more complete. But since the law does not require such recital, nor the latter is absolutely necessary in order to identify the parcels, we do not think that the failure to set forth such description warrants the registrar in refusing to record the document.

The registrar does not state in his ruling whether the principal property is recorded, or whether he has reasonable grounds for believing that it is. On the contrary, everything seems to indicate that the parcels are to be recorded for the first time in the registry. We have already stated that mention is made in the certificate of the fact that no recordable written title exists.

Nor was it necessary to certify that the purchase was effected by a public instrument. What is required by the Regulations is that mention be made of "the name of the person or corporation from which the real property or property right may have been acquired, if it appears," and it is so mentioned in the certificate.

It would seem proper to call attention to the fact that the respondent registrar has submitted no argument in support of his ruling. In pursuance of one of our Rules registrars are given great latitude in the argument of their cases. It is true that the grounds of the refusal are stated in the ruling herein, but this is done, as should be done, in a concise manner. For the sake not only of the fairness of the decision to be made by this court in the individual case, but also of the jurisprudence to be established and the precedent to be created, this court should have the benefit of the reasoned views of the registrars, who have or ought to have special knowledge of the subject.

Assisted by the initiative and enlightenment from able counsel on the one side and by the experience and wisdom of the registrars on the other, this court may eventually succeed in establishing a land-title jurisprudence, which will lay

down principles and set up standards that will greatly facilitate and render safer the negotiation of contracts.

The ruling must be reversed and the record sought ordered.